**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| PHILIP MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-773 TS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Philip Martin, a *pro se* prisoner, filed a habeas corpus petition on November 17, 2006, attempting to challenge his thirty day suspension and transfer to level II on June 8, 2006, by the Disciplinary Hearing Board (DHB) at the Westville Correctional Facility. On January 25, 2007, Mr. Martin filed an amended petition for writ of habeas corpus indicating that the sanction imposed by the DHB on June 8, 2006, was a thirty day suspension and transfer to a level II facility. For the reasons stated below, this Court dismisses the Petition under Rule 4 of the Rules Governing Habeas Corpus.

Rule 4 requires the judge to dismiss a petition and notify the petitioner "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4. In his original petition, Mr. Martin stated that his sanction was "thirty day suspended and transfer to level II." (DE 1). In his amended petition, Mr. Martin states that his sanction was "thirty day suspended and transfer to level II facility." (DE 5). A prison disciplinary proceeding can only be challenged where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). A suspension does not increase the duration of confinement and is not actionable in a habeas corpus proceeding.

Mr. Martin's original petition was unclear as to what "transfer to level II" meant; it could have meant that he was reduced to credit class two. However, Mr. Martin's amended petition clearly states that he was transferred to a level II facility, not demoted to credit class two. The Indiana Department of Correction classifies its facilities based upon the security level. Being transferred to a level II facility will not lengthen the duration of Mr. Martin's confinement and cannot be challenged in this habeas corpus proceeding.

For the foregoing reasons, the Court **DISMISSES** the Petition **WITHOUT PREJUDICE** and **DISCHARGES** the Respondent from any obligation to respond to this Court's Order to Show Cause.

SO ORDERED on January 30, 2007.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION